IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| Dimitrios Siskos<br>2720 Bell Forest Court, #402<br>Vienna, Virginia 22180,<br><br>       Plaintiff,<br><br>       v.<br><br>MGM National Harbor, LLC<br>101 MGM National Avenue<br>Oxon Hill, MD 20745,<br><br><u>Serve Upon</u>:<br>CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street<br>Suite 820<br>Baltimore, MD 21202,<br><br>       Defendant. | Case No.: _____<br><br>**Count I: Negligence (Failure to Maintain Premises in a Reasonably Safe Condition)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Dimitrios Siskos, by and through his undersigned counsel, brings this negligence action against Defendant, MGM National Harbor, LLC., for its failure to maintain its premises in a reasonably safe condition causing significant bodily injury and other harms to him. In support of his Complaint, Plaintiff submits the following:

### THE FACTS

1. On or about November 14, 2020, between approximately 9:00 p.m. and 10:00 p.m. (EDT), Plaintiff arrived at Defendant's premises, a hotel, resort, and casino located at 101 MGM National

Exhibit A

Avenue Oxon Hill, Maryland 20745, with the intention of experiencing an evening enjoying entertainment and gambling.

2. In the early morning hours of November 15, 2020, between approximately 4:00 a.m. and 5:00 a.m. (EDT), Plaintiff approached a flight of stairs located in the main lobby of Defendant's premises, and as he was descending the stairs, he slipped and fell on a clear and wet/slippery substance located near the top of the stairway and fell down approximately 20-25 stairs.

3. Immediately following Plaintiff's fall down the stairs, Plaintiff in shock and noticing that his eyeglasses were broken and that his left eyebrow was bleeding, stood up and walked to a nearby bathroom to care for the laceration above his left eyebrow.

4. Plaintiff was then attended to by a security guard, who called the Prince George's County Fire/EMS Department for Plaintiff.

5. Prince George's County Fire/EMS Department arrived at Defendant's premises at approximately 6:07 a.m. (EDT) on November 15, 2020, and immediately transported Plaintiff to the emergency room at Medstar Southern Maryland Hospital Center, for the purpose of seeking further evaluation and treatment of his injuries and the extreme pain that he was experiencing.

6. At the emergency room, Plaintiff received medical care, including but not limited to a CT scan, an X-Ray, an EKG, sutures for the laceration above his left eyebrow, and provided with pain medication, before he was discharged with instructions to seek follow-up care with his primary care physician.

7. During the course of his follow-up care and because Plaintiff was continuing to experience significant pain in his left arm and shoulder, Plaintiff went to INOVA Medical Group Orthopaedic and Sports Medicine Fairfax East for the purpose of seeking a further evaluation of the pain that he was experiencing in his left arm and shoulder. On December 16, 2020, Plaintiff received an

MRI on his left shoulder at Fairfax Radiology Centers, which revealed that he had sustained tears in his rotator cuff including a complete full-thickness tear of the supraspinatus tendon with fraying of the tendon stump, tendinopathy, fraying, and partial tearing of the anterior infraspinatus and subscapularis tendons, as well as a longitudinal partial tearing of the proximal long head of biceps tendon with associated tenosynovitis and a small amount of fluid in the subacromial-subdeltoid space.

8. Plaintiff underwent left shoulder surgery on January 6, 2021 at INOVA Loudoun Ambulatory Surgery Center, in order to repair the injuries to his shoulder caused by the trauma that he sustained in the aforementioned slip and fall down the stairway on Defendant's premises.

9. Since the date of his injury, Plaintiff has continued to experience significant pain in his left arm and shoulder and has experienced difficulty with performing everyday tasks. Plaintiff has also been forced to miss time from his employment and has sustained lost wages as a result of the injuries he suffered in the slip and fall down the stairway in the main lobby area on Defendant's premises.

10. Plaintiff brings this action seeking compensatory damages for the medical bills and lost wages that he has incurred, and for the past, present and future pain and suffering that he has been forced to experience, as a direct and proximate result of Defendant's negligence in failing to maintain the common areas of its premises in a reasonably safe condition by ensuring that a heavily traversed stairway in the main lobby of its premises was either free of slipping hazards or had properly posted signage forewarning Plaintiff (and other invitees) of the hazard.

## THE PARTIES

11. Plaintiff is a natural adult person and a resident of the Commonwealth of Virginia residing at the above-captioned address.

12. Defendant is a hotel, resort, and casino that is registered as a limited liability company in the state of Maryland, and which transacts business in the state of Maryland.

## JURISDICTION AND VENUE

13. The Court has personal jurisdiction over Defendant pursuant to Maryland Courts & Judicial Proceedings Article § 6-102, because Defendant is organized in the state of Maryland and will be served with process in this matter in the state of Maryland. The Court also has personal jurisdiction over Defendant pursuant to Maryland Courts & Judicial Proceedings Article § 6-103(b), because Defendant transacts business in the state of Maryland and caused tortious injury to Plaintiff in the state of Maryland.

14. Venue is proper in this Court pursuant to Maryland Courts & Judicial Proceedings Article § 6-201, because Plaintiff's injury and the incident at issue occurred on Defendant's premises located in Prince George's County, Maryland where it carries on a regular business.

15. The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the District Court's limit of $30,000.00.

## COUNT I: NEGLIGENCE
## (FAILURE TO MAINTAIN PREMISES IN A REASONABLY SAFE CONDITION)

16. Plaintiff restates and incorporates the foregoing facts and paragraphs 1-15 herein.

17. Defendant, as the owner of the premises where Plaintiff was an invitee, owed Plaintiff a duty to ensure that the common areas of its premises were maintained in a reasonably safe condition and were either free of any slipping hazards or had properly posted signage forewarning Plaintiff (and other invitees) of the hazard.

18. Defendant breached its aforesaid duty to Plaintiff and was negligent in failing to maintain the common areas of its premises by either not removing or drying the slipping hazard that was located in an area where Plaintiff and other invitees were known to traverse, or by failing to

4

properly forewarn Plaintiff and other invitees of the slipping hazard by posting/placing clearly visible signage in front of or around the hazard.

19. Defendant's failure to ensure that the common areas of its premises were maintained in a reasonably safe condition and were either free of any slipping hazards or had properly posted signage forewarning Plaintiff (and other invitees) of the hazard, directly and proximately caused reasonably foreseeable harms and damages to Plaintiff in the form of Plaintiff slipping on the hazard and falling down the stairs and in the form of the corresponding bodily injuries that he sustained, the medical expenses that he has incurred, the lost wages that he has incurred and the physical pain and mental suffering that he has been enduring (and which he will continue to endure) since the date of the aforesaid incident.

20. Plaintiff was acting reasonably at all times before and during the subject-incident of this lawsuit, and neither engaged in any conduct that contributed to his injuries nor did he assume the risk of his injury by walking in the area where he was injured on Defendant's premises.

21. In an effort to make himself whole again, Plaintiff files this action against Defendant and seeks compensatory damages from it to reimburse him for his medical expenses, his lost wages and for the past, present and future pain and suffering that he has experienced as a result of this incident.

## PRAYER FOR RELIEF

Pursuant to the foregoing, Plaintiff demands a judgment against Defendant in the amount of five-hundred thousand dollars ($500,000.00) in compensatory damages, plus post-judgment interest, attorney's fees, costs of suit and any other relief that the Court deems reasonable or necessary and as justice may require.

## PRAYER FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable in this matter.

Dated: April 11, 2022

Respectfully submitted,

_(signature)_
Bobby J. Malek Esq. (CPF # 1512160077)
Malek Legal, LLC
966 Hungerford Drive
Suite 20B
Rockville, Maryland 20850
Tel: (301) 340-9000
Fax: (301) 340-9001
Email: bobby@maleklegal.com
*Counsel for the Plaintiff*

## AFFIDAVIT

I, Dimitrios Siskos, am the Plaintiff in this matter and I hereby swear under the penalty of perjury that I have reviewed the above Complaint and certify its contents to be true and accurate to the best of my knowledge, information, recollection, and belief.

_(signature)_
Dimitrios Siskos
Plaintiff

## CERTIFICATION UNDER MARYLAND RULE 1-313

I hereby certify that I am a member of the Maryland Bar and admitted to practice before this Court.

_(signature)_
Bobby J. Malek, Esq.
*Counsel for the Plaintiff*

## CERTIFICATE OF COMPLIANCE UNDER RULE 1-322.1

I hereby certify to be in compliance with Rule 1-322.1.

_____
Bobby J. Malek, Esq.
*Counsel for the Plaintiff*

Circuit Court for **Prince George's County**
*City or County*

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: [X] PLAINTIFF [ ] DEFENDANT   CASE NUMBER _____ (Clerk to insert)

CASE NAME: **DIMITRIOS SISKOS** vs. **MGM NATIONAL HARBOR**
            Plaintiff                       Defendant

JURY DEMAND: [X] Yes [ ] No   Anticipated length of trial: ____ hours or **.5** days
RELATED CASE PENDING? [ ] Yes [X] No   If yes, Case #(s), if known: _____

Special Requirements? [ ] Interpreter (Please attach Form CC-DC 41)
[ ] ADA accommodation (Please attach Form CC-DC 49)

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF |
|---|---|---|
| **TORTS** | **LABOR** | **A. TORTS** |
| [ ] Motor Tort | [ ] Workers' Comp. | **Actual Damages** |
| [X] Premises Liability | [ ] Wrongful Discharge | [ ] Under $7,500           [ ] Medical Bills |
| [ ] Assault & Battery | [ ] EEO | [ ] $7,500 - $50,000           $ **70,769.07** |
| [ ] Product Liability | [ ] Other _____ | [X] $50,000 - $100,000    [ ] Property Damages |
| [ ] Professional Malpractice | **CONTRACTS** | [ ] Over $100,000            $ **731.95** |
| [ ] Wrongful Death | [ ] Insurance |                                                [ ] Wage Loss |
| [ ] Business & Commercial | [ ] Confessed Judgment |                                 $ **16,000.00** |
| [ ] Libel & Slander | [ ] Other _____ | |
| [ ] False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS**   **C. NONMONETARY** |
| [ ] Nuisance | [ ] Judicial Sale | |
| [ ] Toxic Torts | [ ] Condemnation | [ ] Under $10,000   [ ] Declaratory Judgment |
| [ ] Fraud | [ ] Landlord Tenant | [ ] $10,000 - $20,000   [ ] Injunction |
| [ ] Malicious Prosecution | [ ] Other _____ | [ ] Over $20,0000   [ ] Other _____ |
| [ ] Lead Paint | **OTHER** | |
| [ ] Asbestos | [ ] Civil Rights | |
| [ ] Other _____ | [ ] Environmental | |
| | [ ] ADA | |
| | [ ] Other _____ | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
  A. Mediation [ ] Yes [X] No          C. Settlement Conference [ ] Yes [X] No
  B. Arbitration [ ] Yes [X] No        D. Neutral Evaluation [ ] Yes [X] No

**TRACK REQUEST**
With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL.**
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**
  [X] 1/2 day of trial or less       [ ] 3 days of trial time
  [ ] 1 day of trial time            [ ] More than 3 days of trial time
  [ ] 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.

Date **April 11, 2022**          Signature *[signature]*

CC/DCM 002 (Rev. 2/2010)          Page 1 of 3

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**
Trial within 7 months of Filing

☐ **Standard**
Trial within 18 months of Filing

☐ EMERGENCY RELIEF REQUESTED _____  _____
                                                                   Signature                      Date

| COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing        ☐ Standard - Trial within 18 months of Filing

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) |
|---|

☐ Expedited           Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short      Trial 210 days.

☐ Standard            Trial 360 days.

☐ Lead Paint          Fill in: Birth Date of youngest plaintiff _____ .

☐ Asbestos            Events and deadlines set by individual judge.

☐ Protracted Cases    Complex cases designated by the Administrative Judge.

| CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY |
|---|

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☒ Liability is seriously in dispute.

| CIRCUIT COURT FOR BALTIMORE COUNTY ||
|---|---|
| ☐ Expedited<br>(Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard<br>(Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard<br>(Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex<br>(Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

CC/DCM 002 (Rev. 2/2010)    [ Reset ]    Page 3 of 3